## FOSTER v. UNITED STATES.
### No. 13044.

United States Court of Appeals
Fifth Circuit.

Oct. 16, 1950.

James Joseph Foster, in propria persona.

Henry H. Durrence, Asst. U. S. Atty., Savannah, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

PER CURIAM.

Tried upon his plea of not guilty and convicted and sentenced to a term of imprisonment for five years, the defendant appealed from the judgment and sentence. Later, abandoning the appeal, he filed a petition under Sec. 2255, Title 28 U.S.C.A. to vacate and set aside the judgment and sentence. His ground for doing so was that there was a violation and infringement of his constitutional right rendering the judgment vulnerable to collateral attack in this, that the defendant was denied the right to act as his own counsel and was required, contrary to his wish and desire, to accept the services and assistance of counsel appointed by the court.

There was a full hearing on the petition, followed by a judgment denying the relief asked. From that judgment the defendant has appealed.

We need not determine whether, if, as appellant claims, he was denied the right to act as his own counsel, this would be a mere error which must be taken advantage of by appeal or would, as he claims, be the deprivation of a constitutional right rendering the judgment vulnerable to collateral attack. For a careful examination of the record leaves us in no doubt that defendant was not denied, but was accorded, the right to conduct his own trial and that he did,

with the permission of the court, in truth do so. The record makes it plain that the counsel appointed by the court did not in any way interfere with or prevent the petitioner from conducting his trial, but, on the contrary, conferred with and assisted him in doing so.

The record standing thus, it is quite clear that no constitutional right of the defendant was invaded or infringed, and that the judgment must be affirmed.

Affirmed.